**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

DAVID JACKSON,

    Petitioner,

-vs-                                                                  Case No.  8:05-cv-1492-T-30MSS

STATE OF FLORIDA,

    Respondent.
_____/

**ORDER**

    Petitioner, a State of Florida inmate,[1] initiated this action *pro se* by filing a Petition for Writ of Habeas Corpus (Dkt. 1) pursuant to 28 U.S.C. § 2254. Having reviewed the petition in accord with Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (2005), the Court finds, *sua sponte*, that the petition is time barred pursuant to 28 U.S.C. § 2244(d)(1). *See Jackson v. Secretary for Dep't of Corrs.*, 292 F.3d 1347, 1348-49 (11th Cir. 2002) (before addressing the merits of a state prisoner's request for federal habeas relief, a district court must determine whether the petition is barred by the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996). The petition will, therefore, be dismissed without service on the Respondents.

**Discussion**

    A jury found Petitioner guilty on September 12, 1996, of having performed a lewd and lascivious act in the presence of a child and exposing his sexual organs  (Dkt. 1, Ex.

---

[1] Although he was released from the Moore Haven Correctional Facility on December 29, 2004, *see* Dkt. 2, Petitioner remains subject to supervision by the Florida Department of Corrections until November 8, 2008. The petition for writ of habeas corpus is, therefore, not mooted by his release.

E-2 at 1).[2] *See State v. Jackson*, Case No. CRC95-15030CFANO-M (Fla. 6th Jud. Cir. Ct. 1996). After being adjudicated an habitual felony offender ("HFO"), Petitioner was sentenced to a term of ten years imprisonment, one year of which was to be served in the county jail. The remainder of the sentence would then be suspended, with Petitioner being placed on probation for five years. *Id.* at 1-2.

An affidavit was filed in the state trial court on August 5, 1999, alleging that Petitioner had violated the terms of his probation (Dkt. 1, Ex. E-2 at 3-4). On March 10, 2000, following an evidentiary hearing on the violation of probation charges, the state trial court revoked Petitioner's probation, re-adjudicated him guilty on the 1996 conviction on the lewd and lascivious act charge, and sentenced him as an HFO to serve a nine-year term of imprisonment. *Id.* at 1.

On December 21, 2001, the state district court affirmed the revocation of Petitioner's probation. *See Jackson v. State*, 807 So.2d 684, 686 (Fla. 2d DCA 2001). Petitioner's motion for rehearing was denied on February 19, 2002, and the mandate issued on March 22, 2002.[3]

State prisoners whose convictions became final after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), have one year from the latest of any of four events to file a § 2254 motion: (1) the date on which the conviction became final; (2) the date on which any state-imposed impediment to making the motion is removed; (3) the date on which the right asserted was initially recognized by

---

[2]Pursuant to Fed. R. Civ. P. 10(c), "a copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."

[3]The Court takes judicial notice of information available on the database maintained by the Clerk of Court, Florida Second District Court of Appeal, http://www.2dca.org/the_clerk's_office.htm, viewed March 24, 2006. *See* Fed. R. Evid. 201.

the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). A judgment becomes "final" on the date on which the United States Supreme Court issues a decision on the merits of the petitioner's direct appeal or denies certiorari, or after the expiration of the 90 days in which the petitioner could file such a petition. *See* Sup. Ct. R. 13.1; *Bond v. Moore,* 309 F.3d 770, 773-74 (11th Cir. 2002). A "properly filed application for State post-conviction or other collateral review" tolls the AEDPA statute of limitations period while the state application is pending. 28 U.S.C. § 2244(d)(2).

In the present case, Petitioner's limitation period commenced to run on May 20, 2002,[4] when the 90-day window for filing a petition for certiorari expired. The limitation period was, however, tolled the following day when Petitioner filed a motion to correct an illegal sentence pursuant to Fla. R. Crim. P. 3.800(a) and a motion for reconsideration of his sentence pursuant to Fla. R. Crim. P. 3.800(c). Petitioner's limitation period remained tolled until his Rule 3.800 motions were denied on September 25, 2002 (Dkt. 1 at 5).

The limitation period was tolled 61 days later when Petitioner filed a motion for post-conviction relief pursuant to Fla. R. Crim. P. 3.850 on November 26, 2002.[5] *Id.* On February 24, 2003, the state trial court denied Petitioner's Rule 3.850 motion. The state

---

[4] "[I]f a petition for rehearing is timely filed in the lower court, . . . the time to file the petition for a writ of certiorari for all parties (whether or not they requested rehearing or joined in the petition for rehearing) runs from the date of the denial of rehearing." Sup. Ct. R. 13.3.

[5] In the order denying the Rule 3.850 motion, the state trial court stated that the motion was filed on November 26, 2001 (Dkt. 1, Ex. E-2). Petitioner has previously informed the district court that the motion was filed on November 26, 2002, *see Jackson v. State*, Case No. 8:04-CV-2406-T-30TGW, Dkt. 6 at 6. One of the exhibits the state trial court attached to its order denying the Rule 3.850 motion was a copy of the state district court's mandate affirming Petitioner's conviction, which was not issued until March 22, 2002. The Court concludes, therefore, that the state trial court's statement that the motion was filed on November 26, 2001, is a scrivener's error.

district court affirmed the state trial court's decision per curiam, without written opinion, on August 22, 2003, with the mandate issuing on September 15, 2003.[6] *Jackson v. State*, 856 So.2d 994 (Fla. 2d DCA 2003).  When the mandate issued, Petitioner had 304 days remaining in which to file a timely petition for federal habeas relief (365 days - 61 days = 304 days).  Thus, absent tolling by a properly filed application for state post-conviction relief, Petitioner had to file his § 2254 motion on or before July 16, 2004.[7]

Petitioner petitioned the Florida Supreme Court to review the state district court's per curiam opinion (Case No. SC03-2303), *see* Dkt. 1 at 7. The petition was dismissed for lack of jurisdiction[8] on August 12, 2004. See Case No. 8:04-CV-2406-T-30TGW (M.D. Fla. 2005), Dkt. 1, Ex. E-1.[9] Because the state habeas petition was filed in a court which lacked

---

[6] *See Nyland v. Moore*, 216 F.3d 1264 (11th Cir. 2000) (recognizing that a "properly filed" state post-conviction petition is "pending" under Florida procedure – and consequently tolls the limitations period – until the appellate court's issuance of the mandate on appeal).

[7] While his Rule 3.850 motion was pending, Petitioner filed a Petition for Writ of Mandamus asking the federal district court to order the defendant to refrain from disclosing and disseminating to the public and community, . . . information concerning his registration as a sexual predator." *Jackson v. State*, Case No. 8:03-CV-274-T-30TGW (M.D. Fla. 2004). On January 15, 2004, while the mandamus petition was pending, Petitioner filed a petition for federal habeas relief in the district court, which was dismissed for failure to exhaust state court remedies on January 16, 2004.  *See Jackson v. State*, Case No. 8:04-CV-68-T-26TBM (M.D. Fla. 2004). The mandamus petition was denied on February 24, 2004.  *Id.*, Dkt. 27.  Since the limitation period is only tolled by *state* applications for post-conviction relief, *see* 28 U.S.C. § 2244(d)(2), these filings had no effect on the limitations period. *See Duncan v. Walker*, 533 U.S. 167, 178-79 (2001).

[8] *See Grate v. State,* 750 So.2d 625, 626 (Fla. 1999) ("Regardless of how a petition seeking review of a district court decision is styled, this Court does not have jurisdiction to review per curiam decisions rendered without opinion.").

[9] The Court takes judicial notice of information available in its files.  *See* Fed. R. Evid. 201. Petitioner filed an appeal in the state district court on May 3, 2004, challenging the state trial court's denial of his petition for a declaratory judgment finding that he does not qualify for the sexual predator designation. *See Jackson v. State*, Case No. CRC95-15030-CFANO, *appeal docketed*, No. 2D04-2361 (Fla. 2d DCA May 3, 2004). In the Petition to Reopen Case Petitioner filed in *Jackson v. State*, Case No. 8:04-CV-2406-T-30TGW (M.D. Fla. 2004), Dkt. 11, Petitioner informed this Court that said appeal is a civil matter rather than a "state application for post-conviction relief" related to the conviction challenged herein. Even if this petition were to be construed as a challenge to his criminal conviction, it would have no tolling effect on the federal limitation period because Petitioner mistakenly filed the petition in the Thirteenth Judicial Circuit Court in Hillsborough County rather than the Sixth Judicial Circuit Court in Pinellas County where the sexual predator designation was imposed.  *See Jackson v. State,* 925 So.2d 1134, 1135 (Fla. 2d DCA 2006).

jurisdiction to entertain the petition, it was, on its face, fatally flawed and had no tolling effect on the one-year limitations period set out in § 2244. *See Hardy v. Sec. of Dept. of Corr.*, 246 F.3d 1300 (11th Cir. 2001) ("properly filed" under *Artuz*[10] means conforming with Florida's basic procedural rules); *Hurley v. Moore*, 233 F.3d 1295, 1297-98 (11th Cir. 2000) (holding that a state petition for post-conviction relief is not "properly filed" when it fails to comply with state rules of procedure (citation omitted)).

Petitioner's limitation period expired on July 16, 2004. Once AEDPA's limitations period expires, it cannot be reinitiated. *See Tinker v. Moore*, 255 F.3d 1331, 1333-34 (11th Cir. 2001), *cert. denied*, 534 U.S. 1144 (2002).

Petitioner has not shown that a state created impediment prevented him from filing a timely § 2254 petition or that he could not have discovered the factual predicate of his federal claims prior to August 31, 2005, when he filed the instant petition. *See* 28 U.S.C. § 2244(d)(1)(B) & (D). Thus, the petition is clearly time-barred under § 2244(d)'s one-year limitations provision absent equitable tolling.

Section 2244 "permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence.' " *Steed v. Head,* 219 F.3d 1298, 1300 (11th Cir. 2000) (quoting *Sandvik v. United States,* 177 F.3d 1269, 1271 (11th Cir. 1999) (*per curiam*)). *See also Helton v. Sec. for the Dep't of Corrs.*, 259 F.3d 1310, 1314-15 (11th Cir. 2001) ("The 'extraordinary circumstances' standard applied in this circuit focuses on the circumstances surrounding the late filing of the habeas petition, rather than the circumstances surrounding the

---

[10] *Artuz v. Bennett*, 531 U.S. 4 (2000).

underlying conviction."). Petitioner bears the burden of showing that equitable tolling is warranted. *Drew v. Dep't of Corrs.*, 297 F.3d 1278, 1286 (11th Cir. 2002).

The Court finds that Petitioner fails to allege facts which warrant finding that extraordinary circumstances that were both beyond his control and unavoidable even with diligence prevented him from filing a timely petition. Petitioner's decision to pursue state habeas relief in a court which lacked jurisdiction does not constitute a rare circumstance beyond his control.

Assuming, without deciding, that an "actual innocence" exception to the limitations period exists, the Court finds that Petitioner fails to state a colorable claim of actual innocence. Where a federal habeas petition is procedurally barred, to prevail on a claim of "actual innocence" a petitioner must demonstrate that he has newly discovered evidence which, if presented at trial would establish <u>factual innocence</u> rather than mere legal insufficiency. *See Sawyer v. Whitley,* 505 U.S. 333, 339 (1992) (citations omitted). *See also Schulp v. Delo,* 513 U.S. 298, 316 (1995) (citations omitted) (holding that "[w]ithout any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim."); *High v. Head*, 209 F.3d 1257, 1270 (11th Cir. 2000) (citation omitted).

The two grounds for relief Petitioner presents in his petition raise claims of procedural errors during his sentencing proceeding. Petitioner does not present any newly discovered evidence of factual innocence which would support a colorable claim of actual innocence.

**Conclusion**

In sum, the Court finds that even with the benefit of statutory tolling, the petition was filed more than the one year after Petitioner's conviction became final on direct review, and for reasons discussed above, he has not demonstrated any basis for equitable tolling of the limitations period. The petition is, therefore, time barred under 28 U.S.C. § 2244(d)(1). Because the petition is time-barred, it would be improper for the Court to discuss the merits of Petitioner's claims. *See Helton v. Secretary for Dep't of Corrs.,* 259 F.3d at 1315.

ACCORDINGLY, the Court **ORDERS** that:

1. The Petition for Writ of Habeas Corpus (Dkt. 1) is **DENIED.**

2. The **Clerk** shall enter judgment against Petitioner, terminate all pending motions, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on May 30, 2006.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
*Pro Se* Petitioner

SA:jsh